**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

STATE FARM LIFE INSURANCE
COMPANY,

        Plaintiff,

        v.

BONIFACE OUTTA, et al.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 1:18-cv-01373 - LJO - JLT

ORDER GRANTING THE MOTION TO APPOINT
GERTRUDE ANYANGO OKOMBO AS THE
GUARDIAN AD LITEM FOR DEFENDANT A.O.

(Doc. 18)

Gertrude Anyango Okombo seeks appointment as the guardian ad litem for defendant A.O.[1], who is her grandson and a minor. (Doc. 18) Plaintiff does not oppose the petition. (Doc. 21) For the reasons set forth below, the petition is **GRANTED**.

**I.      Appointment of a Guardian Ad Litem**

Pursuant to the Federal Rules of Civil Procedure, "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). In addition, a court "must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." *Id.* The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b).

---

[1] Notably, Plaintiffs identified two minor defendants who have the initials "A.O." in the complaint, distinguishing the defendants as "Minor 1" and "Minor 2." (Doc. 1 at 2, ¶¶ 3-4) Consequently, it is unclear whether the "A.O." in this motion is "Minor 1" or "Minor 2." In the event a petition for approval of minor's compromise is filed, the parties shall clarify the identity of the child or children at issue and file a petition for the appointment of guardian of the other defendant if, in fact, the other "A.O." is a minor. If the person is not a child, the moving party SHALL explain why this person was identified in this manner in the complaint.

A.O. resides California and the law of the state governs. (*See* Doc. 1 at 2, ¶ 3) Under California law, an individual under the age of eighteen is a minor and may bring suit as long as a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. A guardian ad litem may be appointed to represent the minor's interests. Cal. Code Civ. P. § 372(a).

## II.    Discussion and Analysis

In determining whether to appoint a particular guardian ad litem, the court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 38 (Cal. Ct. App. 4th 2007) (internal quotation marks and citation omitted). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Id.* at 50.

A.O. is under the age of eighteen (Doc. 1 at 2; Doc. 18 at 1) and is a minor under California law. *See* Cal. Fam. Code § 6502. Upon review of the claims, it does not appear Ms. Okombo has interests adverse to the child's not does she have competing claims. Accordingly, appointment of Ms. Okombo—the grandmother and custodian of the child—to act as the guardian ad litem is appropriate. *See Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) (observing that, generally, when a minor is represented by an individual "who has the same interests as the child there is no inherent conflict of interest."); *see also Anthem Life Ins. Co. v. Olguin*, 2007 U.S. Dist. LEXIS 37669, at *7 (E.D. Cal. May 9, 2007) (observing that "[a] parent is generally appointed guardian ad litem").

## III.    Conclusion and Order

The decision whether to appoint a guardian ad litem is "normally left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986). Because it does not appear Ms. Okombo has conflicting interests, she may be appointed to represent the interests of her grandson. Therefore, the Court is acting within its discretion to grant her application to be appointed as the guardian ad litem and, therefore, **ORDERS**:

1.    The motion for appointment of Gertrude Anyango Okombo as guardian ad litem for

2

1    A.O. (Doc. 18) is **GRANTED**; and

2        2.    Gertrude Anyango Okombo is appointed to act as guardian ad litem for Defendant A.O.

3            and is authorized to defend his claims on his behalf.

4

5  IT IS SO ORDERED.

6    Dated:   **March 20, 2019**                        **/s/ Jennifer L. Thurston**
                                                   UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28