UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| STATE FARM LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>BONIFACE OUTTA, et al.,<br><br>    Defendants. | Case No.: 1:18-cv-01373 LJO JLT<br><br>**ORDER SETTING A HEARING ON THE PETITION FOR MINOR'S COMPROMISE**<br><br>(Doc. 25) |
|---|---|

  The guardian ad litem for the minor, A.O., has filed a petition for approval of the minor's compromise. (Doc. 25) At issue, are the proceeds from three insurance policies in the total amount of $650,000, issued by the plaintiff on the life of the child's mother. (Doc. 1 at 1-2)

  Without explaining why, the guardian sought to have the child's share of the proceeds, half of the total, deposited in the trust established by the decedent. (Doc. 25) The guardian reported that the proceeds would remain in the trust until the child reached age 30. Id. at 2. Because the guardian failed to properly support the petition, the Court ordered,

> The Court has conducted a preliminary review of the petition for minor's compromise (Doc. 25) and finds it fails to meet the requirements of Local Rule 202(b)(2). No later than 5/22/2019, the petitioner SHALL file a supplement to address the missing information and, in doing so, SHALL explain why the settlement proceeds will be placed in the revocable trust of the decedent and how minor's settlement proceeds will be protected from uses by the trust, why the minor will not have access to the settlement proceeds until age 30, whether he will suffer tax consequences if the settlement proceeds are not placed in a blocked account and any other information that bears on

1

the Court's fairness determination.

(Doc. 26) In response, the guardian filed a supplement and attached a copy of the trust instrument. (Doc. 27) In the supplement, the attorney for the trust (and counsel in this action), Mr. Dake, reports that the beneficiaries of the trust include A.O. and the child's sibling, Alvin Outta.[1] Id. at 2. He reports further that the trust allows the successor trustee, who is the guardian at litem in this action, to use the trust funds to pay for the minor's "health, education, support and maintenance." Id. at 2.

Neither the guardian nor the attorney explains why these proceeds should be deposited in this trust or how A.O.'s share of the insurance proceeds will be protected from authorized uses of the trust (See, e.g., (Doc. 27 ¶ 5.01 [trust may pay expenses of the funeral, last illness and "other debts . . . against the Settlor's estate" if the probate estate is insufficient]; ¶ 5.04 [trustee must pay the taxes arising as a result of the death of the Settlor]; ¶ 5.05 [trustee may pay "administration expenses"]; ¶ 8.03 [trustee may pay for expenses related "qualified property]. Though the attorney reports that he is being paid for his services here by the business run by the decedent, it is not entirely clear whether he or that business will seek fees payable by the trust.

Notably, in addition to paying for A.O.'s health, education, support and maintenance, the trust is obligated to pay for these expenses for A.O.'s sibling, Alvin, also. Though it appears that the trust intends that each beneficiary receive proceeds only from his share of the income and principal, whether Alvin can receive payments from the amounts deposited into the trust from the proceeds of this litigation, seems likely. If this is so, the Court has been provided no explanation why this should be so. Likewise, there is no explanation why the decedent, through the trust instrument, should be entitled to determine to whom the insurance proceeds should pass, in the event the child dies without issue.

Though the Court appreciates the desire to effectuate the will of the decedent, the Court is unconvinced that her desires should prevail. Had she intended these insurance proceeds to be taken by the trust, she could have made the trust the beneficiary of the policies but, apparently, chose not to do so. Finally, the petition fails to explain whether there will be tax consequences for the child if his proceeds

---

[1] There is no showing whether Alvin Outta has agreed to deposit his share of the proceeds from this litigation into the trust.

2

are placed into the trust.  The Court declines to do the work for the guardian in fleshing out these issues.

Thus, the Court **ORDERS** that a hearing is set on June 10, 2019 at 9:30 a.m.  The guardian **SHALL** be prepared to address these topics and any other topics that bear on the child's best interests through admissible evidence at the time of the hearing or through another supplemental filing.  Failure to do so to the satisfaction of the Court, will result in the Court recommending that the proceeds be deposited into a blocked account with the Court overseeing any distributions until the child reaches the age of majority.

IT IS SO ORDERED.

Dated:    May 21, 2019                                    /s/ Jennifer L. Thurston
                                                          UNITED STATES MAGISTRATE JUDGE